UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington )

| | | |
|---|---|---|
| PETER T. PORCHE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 14-423-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Peter T. Porche, Jr. ("Porche" or "the Claimant"), and Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").  [Record Nos. 9, 10] Porche argues that the administrative law judge ("ALJ") assigned to his case erred by finding that he is not entitled to a period of disability and disability insurance benefits.  [Record No. 9-1]  He requests reversal of the Commissioner's final decision and an award of benefits. [*Id.*]  The Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed.  [Record No. 10]  For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief requested by Porche.

**I.**

On February 7, 2012, Porche filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("the Act").  [Record

- 1 -

No. 5-1, Administrative Transcript, "Tr.," p. 16]  He alleges a disability beginning August

20, 2011.  [*Id.*]  Porche, along with attorney Joann Coleman and vocational expert ("VE")

Laura Whitten, appeared before ALJ Christopher Daniels on May 29, 2013, for an

administrative hearing.  [Tr., pp. 29–54]  On June 25, 2013, the ALJ found that Porche was

not disabled under sections 216(i) and 223(d) of the Act.  42 U.S.C. §§ 416(i), 423(d).  [Tr.,

p. 24]  Porche appealed that Decision to the Social Security Administration's Appeals

Council.  However, his appeal was denied on September 12, 2014.  [Tr., pp. 1–3, 6]

Porche was 49 years-old when his alleged disability began on August 20, 2011, and

he was 51 years-old at the time of ALJ Daniels' decision.  [Tr., pp. 13, 55]  He has a high

school education and previously worked as a cabinet maker.  [Tr., p. 22]  After considering

the testimony presented during the administrative hearing and reviewing the record, the ALJ

concluded that Porche suffers from the severe impairment of status post back injury[1] with

degenerative disc disease and residual pain and limitation of motion.  [Tr., p. 18]

Notwithstanding these individual impairments, the ALJ determined that the Claimant

maintained the residual functional capacity ("RFC") to perform the full range of light work,

with the following exceptions:

> The claimant is able to occasionally lift or carry 20 pounds and frequently lift
> or carry 10 pounds.  He is able to sit, stand, or walk for six hours each in an
> eight-hour period.  He has no limitations in balancing.  He is able to
> occasionally climb ramps or stairs, stoop, kneel, crouch or crawl.  He is unable
> to climb ladders, ropes, or scaffolds.  Finally, he needs to avoid concentrated
> exposure to vibration.

[Tr., p. 19]

---

1       "Status post," abbreviated as "S/P" describes an acute back injury caused by a traumatic event.

After considering Porche's age, education, work experience, and RFC, the ALJ concluded that there existed a significant number of jobs in the national economy that he could perform, including cashier and sorter.  [Tr., p. 23]  As a result, the ALJ determined that Porche was not disabled from August 20, 2011, through the date of the administrative hearing.  [*Id.*]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity,' because of a medically determinable physical or mental impairment of at least one year's expected duration."  *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)).  A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'"  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)).  If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that he is not engaged in substantial gainful employment at the time of the disability application.  20 C.F.R. § 404.1520(b).  Second, the claimant must show that he suffers from a severe impairment or combination of impairments.  20 C.F.R. § 404.1520(c).  Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard

to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can perform his past work. If he can, he is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairments prevent him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support

the conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence.  *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).   In other words, the Commissioner's findings are conclusive if they are supported by substantial evidence.  42 U.S.C. § 405(g).

## III.

Porche asserts that the ALJ erred by finding that his impairments did not meet any of the listed impairments.  [Record No. 9-1, pp. 2−4]  Additionally, he contends that substantial evidence does not support the ALJ's RFC finding.  [*Id.*, pp. 4−5, 7−10]  Finally, he argues that the ALJ erred by determining that he could perform work in the national economy.  [*Id.*, pp. 6−7]

### A.  Listed Impairment

As noted in the ALJ's Decision, the listing of impairments contained in Appendix 1 of the applicable regulations describes impairments that are considered severe enough to prevent an individual from performing substantial, gainful activity.  [Tr., p. 17]  If an individual demonstrates that he or she meets or equals a listing and is not engaging in substantial gainful activity, that person will be considered disabled without further inquiry.

20 C.F.R. § 404.1509.  When a claimant alleges that he meets or equals a listed impairment, he must present or identify specific medical findings that satisfy all criteria of the particular listing.  *Sullivan v. Zelby*, 493 U.S 521, 530–32 (1990); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001).  "[A] claimant cannot qualify for benefits under the 'equivalence' step by showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment."  *Sullivan*, 493 U.S. at 531.

ALJ Daniels found that Porche did not meet any of the impairments, including listing § 1.00.  [Tr., p. 19]  Porche asserts that the ALJ erred by finding that his impairment did not meet listing 1.04.  [Record No. 9-1, pp. 2–4]  Listing 1.04 generally refers to disorders of the spine.  20 C.F.R. pt. 404, subpt. P., app. 1, § 1.04.  "Listing 1.04A discusses evidence of nerve root compression characterized by specific clinical findings; Listing 1.04B refers to spinal arachnoiditis, confirmed by an operative note or tissue biopsy; and Listing 1.04C refers to lumbar spinal stenosis that results in certain findings on diagnostic techniques and certain specified physical limitations."  *Lawson v. Comm'r of Soc. Sec.*, 192 F. App'x 521, 529 (6th Cir. 2006).

Porche argues that he has satisfied the requirements of listing 1.04.  [Record No. 9-1, pp. 2–4]  He only mentions listing 1.04A (nerve root compression) and has provided no evidence relevant to either listing 1.04B or 1.04C.  For evidentiary support, Porche points to: (i) his June 2012 Magnetic Resonance Imaging ("MRI"), which showed degenerative disc disease and narrowing of the neural foramen; (ii) the presence of pain in his legs; (iii) his November 2012 range-of-motion test; and (iv) a Lexington Veterans Administration report

- 6 -

identifying some atrophy in his legs.  [*Id.*, pp. 3–4]  However, as stated above, a claimant must present or identify specific medical findings that satisfy all criteria of the particular listing.  *Sullivan*, 493 U.S. at 530–32.  Porche has provided no medical evidence of nerve root compression as required by listing 1.04A.  Nor has he pointed to sensory or reflex loss. On the contrary, consultative examiner Dr. Johnson found no evidence of sensory or reflex loss.  [Tr. 320–21]  Therefore, the ALJ did not err by finding that Porche did not meet any of the listed impairments.

### B.  Residual Functional Capacity

Residual functional capacity is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis."   S.S.R. 96-8p, 1996 WL 374184, at *1 (July 2, 1996).   The RFC determination is a matter reserved for the ALJ.  *See* 20 C.F.R. § 416.946(c).  In making this determination, the ALJ considers the medical evidence, non-medical evidence, and the claimant's credibility.  *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010).  An ALJ's RFC finding will be upheld where it is supported by substantial evidence.

The Claimant asserts that the ALJ failed to properly evaluate his RFC.  [Record No. 9-1, pp. 4–5]  Specifically, Porche claims that the ALJ erred by: (i) failing to give proper weight to the opinions of treating physicians; (ii) according improper weight to consultative examiner and State agency reviewer opinions; (iii) dismissing Mr. and Mrs. Porche's reports; (iv) finding Porche could stand for six-hour periods; and (v) posing an incorrect hypothetical question to the vocational expert.  [*Id.*, pp. 7–10]  Porche asserts that these alleged errors

- 7 -

resulted in the ALJ's incorrect finding that he had the RFC to perform a full range of light work.  [*Id.*, pp. 4–5]

### 1.  Treating Physician

Porche contends that the ALJ failed to accord proper weight to the opinion of his treating physician.  [Record No. 9-1, pp. 7–9]  Generally, the ALJ gives the treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the claimant's record. 20 C.F.R. § 404.1527(c)(2).  However, when a treating physician offers an opinion on an issue reserved to the Commissioner, "the ALJ need not accord the opinion controlling weight."  *Kidd. v. Comm'r of Soc. Sec.*, No. 6:08-110, 2008 U.S. App. LEXIS 13675, at *11 (6th Cir. June 25, 2008).  The ALJ determines the appropriate weight to give to a treating physician's medical opinion by considering: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with regard to the record as a whole; (5) whether the treating source is a specialist in the area of his or her opinion; and (6) any other factors which tend to support or contradict the opinion. 20 C.F.R. § 416.927(c)(2)–(6).

Additionally, an "ALJ 'is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.'"  *Kornecky v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2006) (per curiam) (quoting *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001)).  "Even if a treating source's medical opinion is

well-supported, controlling weight may not be given to the opinion unless it also is not 'inconsistent' with the other substantial evidence in the case record."  S.S.R. 96-2p, 1996 WL 374188, at *1 (July 2, 1996). The regulations also provide that a physician's opinion regarding whether a claimant is unable to work or disabled is given no "special significance." 20 C.F.R. § 404.1527(d)(1).

First, Porche asserts that the ALJ failed to review records of his treatment at the Veterans Affairs Medical Center ("VA") in Lexington, Kentucky and in Florida.  [Record No. 9-1, p. 8]  But contrary to this assertion, the record confirms that the ALJ thoroughly evaluated the medical records from the VA from January of 2010 to November of 2012. [Tr., p. 20–21]  For example, the ALJ noted Porche's narrowing of the L4/5 disc space, mild osteophyte formation, and bilateral facet joint disease.  And he also noted his decrease in lumbar and thoracic spine mobility as the months progressed.  [*Id.*]  Second, Porche claims that the ALJ violated the treating physician rule by failing to consider the results of his June 2012 MRI.  [Record No. 9-1, p. 8]  However, the ALJ considered the June 2012 MRI in his opinion, referring to it as the July 2012 MRI based on the date it was reported and verified. [Tr., pp. 20–21; *Compare* Tr., pp. 352–53, *with* Tr., pp. 386–87]

Third, Porche asserts that the ALJ must give more credit to the November 2012 MRI report.  [Record 9-1, p. 8]  The ALJ, after discussing the report, simply stated that he "accords little weight" to it.  [Tr., p. 21]  However, in forming his decision on Porche's RFC, the ALJ considered the MRI in light of the Claimant's testimony and the opinions of state agency medical consultants.  [*Id.*, pp. 21–22]  Therefore, the ALJ followed 20 C.F.R. §

416.927(c)(3)–(4) by comparing the MRI with the record as a whole to determine the appropriate weight to give it.

### 2. Consultative Examiner Opinions

Next, Porche alleges that the ALJ improperly accorded great weight to consultative examiners' [CE] opinions.  [Record 9-1, p. 9–10]  Under S.S.R. 96-6p, opinions of non-examining physicians may be entitled to greater weight than the opinions of treating or examining sources.  1996 WL 374180, at *3 (July 2, 1996).  The ALJ must consider the relevant factors in 20 C.F.R. § 416.927(c)(2)–(6).  There is "no categorical requirement that the non-treating source's opinion be based on a 'complete' or 'more detailed and comprehensive' case record."  *Helm v. Comm'r of Soc. Sec.*, 405 F. App'x 997, 1002 (6th Cir. 2011).

Porche claims that the ALJ should have given less weight to Dr. Johnson's opinion because he spent a short amount of time with Porche and because his specialty is radiology.  [Record No. 9-1, pp. 8, 10]  The amount of time Dr. Johnson spent with Porche, while relevant, is not conclusive.  *See Helm*, 405 F. App'x at 1002.  The ALJ, in accord with 20 C.F.R. § 416.927(c)(5), gave greater weight to Dr. Johnson's opinion due to his expertise in disability claims.  [Tr., p. 22]  Further, Porche fails to explain how Dr. Johnson's speciality disqualifies him from performing range-of-motion tests.  [Record No. 9-1, p. 10]

The Claimant also asserts that the ALJ improperly accorded great weight to Dr. Parker's opinion based on his one-time consultative exam.  [Record No. 9-1, p. 10]  Again,

however, Porche's vague reference to Dr. Parker's specialty does not explain why Dr. Parker's opinion is not credible.

In addition, Porche asserts that Dr. Johnson's and Dr. Parker's assessments are "outdated." [Record No. 9-1, p. 10]  Since the ALJ considered these assessments along with the more recent assessments and Porche's own testimony, the ALJ made his determination in accord with 20 C.F.R. § 416.927(c)(3)–(4).  [Tr., pp. 21–22]  For instance, Dr. Johnson's report was consistent with some of the treating physician's findings.  Specifically, the treating physician found the Claimant's straight-leg raising tests to be negative.  [Tr., p. 435]  He also found that Porche's cervical spine did not show any abnormalities other than a single minimal degenerative change.  [Tr., p. 443]  Because the ALJ considered the relevant factors in according greater weight to the CE opinions, he did not err.

### 3.  State Agency Reviewing Opinions

Porche also contends that the ALJ gave too much weight to State agency reviewing physicians.  [Record No. 9-1, p. 9]  Findings of fact made by State agency reviewing physicians are treated as expert opinion evidence of nonexamining sources.  S.S.R. 96-6p.  Again, the ALJ considers the factors from 20 C.F.R. § 416.927(c)(2)–(6) in according weight to this opinion evidence.

Here, the ALJ noted that the State agency medical consultants were not entitled to controlling weight.  [Tr., p. 22]  He did, however, accord significant weight to their opinions in Section A and to their decision that Claimant is not disabled, basing his decision on their high level of expertise.  [*Id.*]  Because the ALJ only utilized these opinions to *support* his

determination, he properly assessed their credibility by looking to the record as a whole.  20 C.F.R. § 416.927(c)(4).

### 4.  Porche's Statements and Rhonda Porche's Report

The Claimant asserts that, in determining his RFC, the ALJ failed to accord proper weight to his testimony and subjective complaints.  When an ALJ makes a determination regarding a claimant's credibility, he is entitled to great deference because he is able to "observe the claimant and judge [his] subjective complaints."  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).  However, an ALJ who rejects a claimant's testimony must clearly state his reasons.  *Felisky v. Brown*, 35 F.3d 1027, 1036 (6th Cir. 1994).

The Sixth Circuit has a two-prong test for evaluating subjective allegations.  First, the court examines whether objective medical evidence confirms the severity of the alleged pain arising from the condition. *Hash v. Comm'r of Soc. Sec.*, 309 F. App'x 981, 990 (6th Cir. 2009).  Second, it examines whether the medical condition can reasonably be expected to produce the alleged disabling pain.  *Id.*  The ALJ followed the two-prong test, finding that Porche was credible regarding the nature of his impairments and these impairments could reasonably be expected to cause the alleged symptoms.  [Tr., p. 21]  He did not find Porche to be credible, however, in his claim that he was precluded from all full-time work activities. [*Id.*]   The ALJ reasoned that the medical evidence only marginally supported Porche's claims and that Porche's own statements regarding his daily activities contradicted his allegations.  [*Id.*, p. 22]  For example, the ALJ pointed out that Porche could cook and do laundry without difficulty, and that he had a negative straight-leg raise on back exams,

suggesting his pain was less than alleged.  [*Id.*]  Because the ALJ is entitled to deference in this credibility determination, and because he explained the discrepancies between Porche's subjective complaints and the record as a whole, he did not err in according little weight to Porche's statements.

Next, the Claimant asserts that the ALJ accorded too little weight to Rhonda Porche's third party report.  [Record No. 9-1, p. 9]  Where an ALJ discusses at length the objective medical evidence, he is not required to include a separate review of a third party statement. *See Pasco v. Comm'r of Soc. Sec.*, 137 F. App'x 828, 842 (6th Cir. 2005) (finding that the ALJ did not commit reversible error by failing to specifically mention letter from claimant's mother);  *see also Cadle v. Astrue*, No. 5:10-CV-190, 2011 WL 3289787, at *4 (N.D. Ohio July 29, 2011) (while an ALJ should directly address third-party questionnaires, failure to do so does not require remand).

In his opinion, the ALJ stated, "Rhonda Porche provides a very thoughtful third party report however, it is not sufficient to overcome the weight of the evidence."  [Tr., p. 21; *see also* Tr., pp. 213–14]  He preceded this evaluation with a detailed discussion of medical records from the VA, the consultative examiner's report, and MRIs, and he followed the evaluation with a discussion of the Claimant's own report of his daily activities.  [*Id.*, pp. 21–22]  As noted above, because the ALJ discussed at length the objective medical evidence, he was not required to include a separate review of Mrs. Porche's report.  *See Pasco*, 137 F. App'x at 842.  Moreover, because Mrs. Porche parroted her husband's subjective complaints, the ALJ's reasons for discrediting the Claimant's reports also apply to his view of her report.

- 13 -

### 5.  Standing Limitation

The Claimant also alleges that substantial evidence does not support the ALJ's determination that Porche could perform "light work" without a limitation on his ability to stand.  [Record No. 9-1, p. 5]  According to 20 C.F.R. § 404.1567(b), light work involves lifting no more than 20 pounds at a time with frequent carrying of objects up to 10 pounds.  It also requires a good deal of walking or standing.  *Id.*  To be capable of performing light work, one must be able to do "substantially all of these activities."  *Id.*

The RFC determination is reserved for the ALJ.  *See Edwards v. Comm'r of Soc. Sec.*, 97 F. App'x 567, 569 (6th Cir. 2004).  The ALJ must consider the opinions of non-examining sources, but he may discount their findings where they are inconsistent with the record.  *See Bennett v. Comm'r of Soc. Sec.*, No. 6:14-163, 2015 WL 574631 (Feb. 11, 2015) (affirming denial of benefits where ALJ agreed with most of the CE's opinion except for the medium lifting restriction).  If supported by substantial evidence, the Commissioner's decision must be affirmed.  *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007).

Porche argues that the ALJ's determination is contradicted by: (i) his own testimony; (ii) the treating physician's evidence; and (iii) the agency medical examiner's report.  Here, the ALJ explained that the Claimant's testimony conflicts with his described daily activities and the objective medical evidence.  As a result, he gave it less weight.  [Tr., p. 22]  While both the treating physician and Dr. Johnson concluded that Porche would have trouble standing for long periods of time, the state agency reviewing physicians instead determined that Porche could stand for six hours per day.  [Tr., pp. 73–75]  This determination was

- 14 -

consistent with Porche's testimony regarding his daily activities, as noted by the ALJ.  [Tr., pp. 21–22]  Even though the ALJ accorded "great weight" to Dr. Johnson's overall opinion, he was not required to accept the physician's particular finding that Porche could not stand for periods of 6 hours, especially when this was contradicted by Dr. Johnson's own records and the other objective evidence.  For instance, Dr. Johnson's examination of the Claimant demonstrated that his strength in the bilateral upper and lower extremities was 5/5.  [*Id.*, p. 20]

Additionally, Porche does not take issue with the ALJ's determination that he could lift 20 pounds occasionally and 10 pounds frequently; occasionally climb stairs, stoop, kneel, crouch, or crawl; and that he has no trouble balancing.  [Record No. 9-1, p. 5; Tr., p. 19]  Since the ALJ's decision was supported by substantial evidence that Porche could perform light work without a "standing" limitation, this Court will affirm this determination.  *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

### 6.  Hypothetical Question

The Claimant argues that the ALJ's hypothetical question to the vocational expert ("VE") regarding Porche's RFC was improper because it assumed that Porche could stand for periods of six hours per day and it did not include moderate mental restrictions.  [Record No. 9-1, p. 10]  A VE's response to a hypothetical question only constitutes substantial evidence where it "accurately portrays [the plaintiff's] individual physical and mental impairments."  *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1989).  However, an ALJ is only required to incorporate the limitations he accepts as credible.

*Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) (affirming Secretary's decision where ALJ's hypothetical question to VE included only some of the plaintiff's alleged illnesses).  The ALJ assesses what the claimant "can or cannot do."  *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004).  Where there is "some evidence in the record" supporting the assumptions of the hypothetical, the hypothetical question is not erroneous.  *Chandler v. Comm'r of Soc. Sec.*, 124 F. App'x 355, 358−59 (6th Cir. 2005).

Even if an ALJ poses a hypothetical inconsistent with the claimant's limitations, his error is subject to harmless error analysis.  *See* 5 U.S.C. § 706.  The burden of showing that an error is harmful is usually on the party attacking the agency's decision.  *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).  Under the circumstances, remand is appropriate only if the claimant has been prejudiced on the merits or deprived of substantial rights.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004).

 The ALJ asked the VE what occupations could be performed by an individual with the same age, education, past relevant work experience, and RFC as Porche.  [Tr., p. 23]  Since the RFC was based on the ALJ's determination that Porche could stand for periods of six hours per day, Porche alleges that the hypothetical did not accurately portray his abilities.  [Record No. 9-1, p. 10]  However, the ALJ based his RFC determination on the evidence he found to be credible, as he was entitled to do.  *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004).  Because there was evidence in the record that Porche could stand for a period of six

hours per day, the hypothetical was not erroneous. *Chandler*, 124 F. App'x. at 358−59. [Tr., pp. 73−75]

However, even if the Court were to find that the ALJ's hypothetical was improper because Porche could not stand for long periods, the error would be harmless. The VE's response to the hypothetical stated that Porche could perform cashier and sorter duties. [Tr., p. 49] Because these duties do not necessarily require standing for long periods of time, the ALJ's failure to note this limitation did not affect the VE's response. DICTIONARY OF OCCUPATIONAL TITLES (4th ed. 1991), *available at* 1991 WL 671840. Therefore, Porche was not prejudiced by any alleged failure by the ALJ to note a restriction on his ability to stand. *Chandler*, 124 F.App'x. at 358−59.

Next, the Claimant fails to point to any evidence in the record regarding alleged "moderate mental restrictions." With respect to this assertion, the Court notes that an ALJ is not required to include unsupported limitations in his hypothetical questions. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Moreover, issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996).

### C. Transferability of Past Relevant Work

The Claimant argues that the ALJ erred in finding that he has transferable skills based on his previous experience as a cabinet maker. [Record No. 9-1, p. 6] He also argues that

substantial evidence does not support the ALJ's decision that he can perform the duties of a cashier or sorter.  [*Id.*]

Transferable skills[2] are skilled or semi-skilled work activities from a past occupation that the claimant can use to meet the requirements of other skilled or semi-skilled kinds of work.  20 C.F.R. § 404.1568(d)(1).  Estimating and evaluating blueprints constitute two transferable skills.  20 C.F.R. § 404.1568(c).  In determining a claimant's transferable skills, the ALJ should primarily look to the Dictionary of Occupational Titles ("DOT"), and a VE's occupational evidence should generally be consistent with that supplied by the DOT.  S.S.R. 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000).  However, neither the DOT nor the VE evidence "trumps" the other if there is a conflict.  *Id.*  Instead, the ALJ resolves the conflict by determining if the VE's testimony is reasonable.  *Id.*

First, Porche argues that the ALJ should not have relied on the VE's testimony that Porche could perform the duties of a "cabinet maker estimator" because that occupation does not exist in the DOT.  [Record No. 9-1, p. 13]  While this specific work title does not exist in the DOT, S.S.R. 00-4p provides that VEs may reasonably supply the ALJ with information about "occupations not listed in the DOT" due to their experience in job placement and career counseling.  Further, Porche does not argue that he does not have the two transferable skills listed by the VE: (1) providing estimates and (2) evaluating blueprints.  Regardless of

---

2       Unskilled jobs do not require transferable skills.  *See* 20 C.F.R. § 404.1568(d)(1) (referring only to transferability in skilled and semi-skilled work activities).  Occupations with a specific vocational preparation ("SVP") of 2 are classified as unskilled.  S.S.R. 00-4p.

whether the occupation of "cabinet maker estimator exists," the ALJ's decision about Porche's transferable skills was based on substantial evidence.

Moreover, Porche does not need transferable skills for the two occupations that the ALJ concluded he could perform.  The ALJ followed the VE's opinion that Porche could work as a cashier (DOT #211.462-020)[3] and sorter (DOT #573.687-034).  These both have an SVP of 2, which is classified as "unskilled."  Since unskilled occupations do not require transferable skills, it is irrelevant whether Porche actually had transferable skills.  Therefore, substantial evidence supports the ALJ's finding that Porche could perform other work in the national economy.

## IV.

The ALJ did not err in finding that the Claimant did not meet a listed impairment. Nor did he err in considering: (i) the opinions of treating and non-treating sources; (ii) Mr. and Mrs. Porche's statements; and (iii) the VE's response to his hypothetical.  Thus, the ALJ's determination of Porche's RFC is supported by substantial evidence.  Further, the ALJ properly determined that Porche has two transferable skills and that he can perform at least two occupations in the national economy.  Having reviewed the record of this proceeding, substantial evidence supports the final decision of the Commissioner.  Accordingly, it is hereby

**ORDERED** as follows:

---

3       While the ALJ referred to DOT #211.462-020 and the VE testified that it was DOT #211.462-010, this has no substantive effect on the ALJ's decision.  [*Compare* Tr., p. 23, *with* Tr., p. 49]

1.      Plaintiff Peter T. Porche's Motion for Summary Judgment [Record No. 9] is **DENIED**.

2.      Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 10] is **GRANTED**.

3.      The decision of Administrative Law Judge Christopher R. Daniels will be **AFFIRMED** by separate Judgment entered this date.

This 1st day of September, 2015.

Signed By:

*Danny C. Reeves* DCR

**United States District Judge**